# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

James Vang,

           Petitioner,

    vs.

Warden of Perry Correctional Institution,

           Respondent.

C/A No. 0:08-2829-RMG-PJG

**REPORT AND RECOMMENDATION**

The petitioner, James Vang ("Vang"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 70.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 72.) Vang filed a response in opposition to the motion, (ECF No. 74), and the respondent filed a reply (ECF No. 78). Having carefully considered the parties' submissions and the record in this case, the court finds that the respondent's motion for summary judgment should be granted and Vang's Petition denied.

## BACKGROUND

Vang was indicted in August 1998 in Aiken County for murder (1998-GS-02-1328), criminal conspiracy (1998-GS-02-1329), armed robbery (1998-GS-02-1331), and unlawful possession of a weapon during commission of a violent crime (1998-GS-02-1330). (App. Vol. II at 595-602, ECF No. 71-3 at 213-20.) Vang was initially represented by Regina Poteat, Esquire, and subsequently retained I.S. Leevy Johnson, Esquire, to represent him at trial. On September 5-8, 2000, Vang was

tried by a jury and found guilty of murder, criminal conspiracy, and armed robbery.[1] (App. Vol. II at 492-93, ECF No. 71-3 at 107-08.) The court sentenced Vang to life imprisonment for murder, thirty years' imprisonment for armed robbery, and five years' imprisonment for criminal conspiracy, all sentences to be served concurrently. (App. Vol II at 503-04, ECF No. 71-3 at 118-19.) Vang's conviction was affirmed by the South Carolina Court of Appeals. The South Carolina Supreme Court denied certiorari. Vang filed an application for post conviction relief ("PCR"). Vang's PCR grounds were rejected by the courts of South Carolina.

## FEDERAL HABEAS ISSUES

Having exhausted his state remedies, Vang filed a federal habeas Petition. The court has since granted Vang's motion to amend his Petition, allowing him to withdraw many of the claims raised in his Petition. (Docket Text Order, ECF No. 79.) Accordingly, the following claims alleging ineffective assistance of counsel remain before the court:

> I.      Trial counsel should have objected and asked that the assistant solicitor, Bill Weeks, to recuse himself from [Petitioner's] trial being he was the counsel of record for the applicant's codefendant.

> II.     Trial counsel was ineffective by his admission of clients' guilt in his opening statements.

(ECF No. 75) (errors and alterations in original); (see also Pet., ECF No. 1 at 17).

---

[1] During the trial, the court granted Vang's motion for a directed verdict on the charge of unlawful possession of a weapon during the commission of a violent crime. (App. Vol. I at 411, ECF No. 71-3 at 26.)

# DISCUSSION

## A.   Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(e).

## B.   Habeas Corpus Standard of Review

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## C. Ineffective Assistance of Counsel

### 1. Generally

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful

adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

### 2. Failure to Object

Vang first alleges that counsel was ineffective in failing to object to the participation and seek disqualification of Assistant Solicitor Bill Weeks in Vang's trial because, prior to joining the Solicitor's office, Weeks had represented one of Vang's co-defendants. Thus, the issue before this court is whether counsel's failure to raise this objection fell below the objective standard of reasonableness, and if so, whether Vang has demonstrated that he was prejudiced as a result of this error. See Strickland, 466 U.S. at 687.

The PCR court, in considering this claim, found that Vang failed carry his burden to establish that counsel's actions were objectively unreasonable, and furthermore, that even if counsel were deficient, Vang failed to show prejudice. (App. Vol. II at 587-89, ECF No. 71-3 at 205-07.) At the PCR hearing, trial counsel testified that he did not recall Weeks's participating in Vang's trial, including conducting direct or cross examination of any witnesses. (App. Vol. II at 574, 576, ECF No. 71-3 at 192, 194.) While trial counsel recalled Weeks being present at the trial, counsel testified that the case was tried by Solicitor Barbara Morgan and that he did not recall having any contact with Weeks regarding Vang's case. (Id. at 576, ECF No. 71-3 at 194.)

The PCR court found this testimony credible. Moreover, trial counsel's testimony is supported by the trial transcript, which indicates that during jury selection, the trial court introduced both Solicitor Morgan and Deputy Solicitor Weeks to the jury; however, the trial court appears to have noted that Weeks was not helping in Vang's case. (App. Vol. I at 11, ECF No. 71-1 at 16.)

Thereafter, Solicitor Morgan informed the court that Assistant Solicitor Gibbons might assist her. (Id.)  There is nothing in the record that indicates that Weeks participated in Vang's trial.[2]

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Vang cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings.  See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d).  Vang has failed to show that there was any legitimate basis to object to Weeks's participation or seek disqualification of Weeks and that counsel's decision not to take these actions rendered him deficient.  Vang has failed to demonstrate a reason for trial counsel to raise this objection because there is no support for his assertion that Weeks participated in his trial.  Nor has he clearly shown that the PCR court's credibility determinations were without support.  See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear.").

Finally, even assuming that Weeks participated in the trial and that counsel erred in failing to object, Vang has failed to demonstrate that he was prejudiced.  See Strickland, 466 U.S. at 687.  Based on the record before the court, Vang has failed to show that counsel would have prevailed on the objection and that the outcome of his trial would have differed.  The court observes that while an attorney-client relationship existed between Weeks and Vang's co-defendant, there is no indication that any such a relationship existed between Weeks and Vang or that Weeks obtained

---

[2] The court observes that the other references to Weeks in the trial transcript concern his representation of one of Vang's co-defendants at that co-defendant's trial.  (App. Vol I at 284-308, 362, ECF No. 71-2 at 79-100, 154; App. Vol. II at 433, ECF No. 71-3 at 49.)  The majority of the references occur when Vang's testimony from his co-defendant's trial is read into the record, including his cross-examination by Weeks.

confidential communications concerning Vang during his representation of Vang's co-defendant.

Vang's reliance on case law from the state of Georgia is unavailing, as the relevant standard is whether the PCR unreasonably misapplied clearly established federal law as decided by the *United States Supreme Court*.[3] For all of the above reasons, Vang is not entitled to federal habeas relief on this ground.

**3.    Opening Statement**

Vang next alleges that trial counsel was ineffective in admitting Vang's guilt for armed robbery and conspiracy during his opening statement. (See App. Vol. I at 94, ECF No. 71-1 at 99.) Trial counsel testified at the PCR hearing that in light of the evidence against Vang on these two charges, it was a strategic choice to admit to armed robbery and conspiracy and to put forth a defense of withdrawal from the conspiracy as to the murder charge. (App. Vol. II at 570-74, ECF No. 71-3 at 188-92.) Trial counsel stated that based on his experience, he believed that Vang needed to be straightforward and candid with the jury because of the overwhelming evidence that Vang was guilty of armed robbery and conspiracy. (Id. at 571, 573, 578-79; ECF No. 71-3 at 189, 191, 196-97.) Further, trial counsel indicated that he had experienced success with this strategy in prior cases. (Id. at 573, ECF No. 71-3 at 191.)

---

[3] The Georgia Supreme Court held that

[t]he public policy which will not permit counsel to change roles from representing a person accused of crime to representing the state in prosecuting the person will not permit him to change from representing one conspirator in crimes to prosecuting his alleged co-conspirator in those same crimes. Such counsel must be presumed to have received confidential communications from his client concerning the crimes charged against the alleged co-conspirator which he can use in prosecuting the co-conspirator.

Lane v. State, 233 S.E.2d 375, 410 (Ga. 1977). However, the court observes that, even if this authority were persuasive, not all courts have adopted this position. See McFarlan v. District Court, 718 P.2d 247, 250 (Colo. 1986) (finding that the majority of courts considering this issue have held that disqualification is not automatically warranted); see also State v. Whelchel, No. 20410-3-III, 2002 WL 1067742 (Wash. Ct. App. May 30, 2002) (unpublished).

The PCR court also found this testimony to be credible. (App. Vol. II at 587, ECF No. 71-3 at 205.) Further, the PCR court found that Vang failed to carry his burden to show that trial counsel's representation was objectively unreasonable with regard to this claim. (Id.) The PCR court stated that trial counsel's decision "was a matter of trial strategy and not ineffective assistance of counsel." (Id.) Finally, the PCR court stated that, even if Vang had proven the first prong of the Strickland test that his counsel's representation was deficient in his opening statement, Vang failed to prove the second prong requiring him to demonstrate that there was reasonable probability that counsel's deficient conduct prejudiced the outcome of his trial. (Id.)

Vang argues that trial counsel's concession of guilt on two of the charges was *per se* ineffective as it failed to subject the prosecution's case to a meaningful adversarial testing.[4] (See Petr.'s Resp. Opp'n Summ. J. at 6, ECF No. 74 at 7.) Vang concedes that trial counsel offered evidence throughout the trial that Vang had withdrawn from the conspiracy; however, he contends that admitting Vang's guilt on the armed robbery and conspiracy charges was tantamount to admitting his guilt on the charge of murder because the murder was reasonably foreseeable. (Petr.'s Resp. Opp'n Summ. J. at 8, ECF No. 74 at 9.)

In support of this argument, Vang relies on Haynes v Cain, 272 F.3d 757 (5th Cir. 2001), where the United States Court of Appeals for the Fifth Circuit held that, based on the facts presented, the trial attorneys' concession that Haynes was guilty of a lesser included offense in opening and closing argument amounted to constructive denial of counsel under Cronic. However, on rehearing

---

[4] The court observes that record appears to be silent as to whether trial counsel obtained Vang's consent prior to conceding guilt as to armed robbery and conspiracy, which some courts have found determinative of the first prong of the Strickland test. See United States v. Holman, 314 F.3d 837, 841-44 (7th Cir. 2002). Therefore, the court focuses this discussion on whether Vang was prejudiced by trial counsel's actions.

*en banc*, the Fifth Circuit, relying on <u>Bell v. Cone</u>, 535 U.S. 685 (2002), held the trial attorneys' concession "did not entirely fail to subject the prosecution's case to meaningful adversarial testing" and therefore did not raise the presumption of prejudice as discussed in <u>Cronic</u>. <u>Haynes v. Cain</u>, 298 F.3d 375 (5th Cir. 2002) (*en banc*). Specifically, the court found that the attorneys acknowledged that the prosecution's evidence on portions of the case was overwhelming and after making the concession the attorneys continued to remain active at trial and probed weaknesses in the prosecution's case. Finally, the court observed that the concession was a strategic attempt to give Haynes the best opportunity for a favorable outcome by avoiding the death penalty. Thus, to the extent authority from the Fifth Circuit is persuasive, Vang's reliance on <u>Haynes</u> is unavailing in any event. Moreover, other courts have held that trial counsel's strategic decision to concede guilt to one of several charges to enhance his credibility on the other charges is a reasonable trial strategy and not susceptible to <u>Cronic</u>'s presumed prejudice analysis. <u>See</u>, <u>e.g.</u>, <u>United States v. Thomas</u>, 417 F.3d 1053 (9th Cir. 2005); <u>United States v. Holman</u>, 314 F.3d 837, 839 n.1, 840-41 (7th Cir. 2002).

Having determined that Vang is not entitled to the presumption of prejudice under <u>Cronic</u>, the court turns to the second prong of the <u>Strickland</u> test. The record reveals, and Vang's attorney testified at the PCR hearing, that the evidence of Vang's guilt on the charges of armed robbery and conspiracy was overwhelming. While Vang alleges that this concession impaired his defense on the murder charge, Vang's speculation is insufficient to show a reasonable probability that the outcome on the murder charge would have been different if counsel had not made those concessions in opening argument. <u>See</u> <u>McCarver v. Lee</u>, 221 F.3d 583, 594 (4th Cir. 2000) ("In evaluating trial counsel's performance, [the court] must be highly deferential to counsel's strategic decisions and not allow hindsight to influence our assessment of counsel's performance."). Accordingly, Vang has failed to demonstrate that he was prejudiced pursuant to the second prong of <u>Strickland</u> and cannot

demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the United States Supreme Court in rejecting this claim. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d). Therefore, Vang is not entitled to federal habeas relief on this ground.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 70) be granted and Vang's Petition for a writ of habeas corpus be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 12, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).